No. 71–1656. ACHTENBERG *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

I would grant certiorari.

Petitioner was convicted of attempting to destroy "war material" and "war premises" in violation of 18 U. S. C. § 2153 (a). This section makes it a crime "when the United States is at war, or in *times of national emergency as declared by the President* or by the Congress" to willfully destroy or attempt to destroy "any war material, war premises, or war utilities . . . ." (Emphasis added.)

A criminal statute which fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden is constitutionally infirm. Predicating criminal liability on conduct engaged in under special circumstances or at certain times is not constitutionally infirm, as long as men of common intelligence are not forced to guess as to a statute's meaning or differ as to its application. Under the terms of the above statute, the defendant is prohibited from doing specific acts at "times of national emergency as declared by the President." The declared national emergency under which petitioner was held to have acted is the 1950

declaration of President Truman issued in response to the Korean conflict; the resolution by its terms contemplates termination of the emergency only by act of the President or by concurrent resolution of Congress, neither of which has yet been done.

I doubt that many lawyers, let alone laymen, of ordinary intelligence are aware of the continuing effect of the 1950 national emergency declaration. Under these circumstances, it is questionable whether proper notice of possible criminal liability has been afforded to any individual prosecuted under 18 U. S. C. § 2153 (a). The viability of criminal responsibility predicated upon evaluations of current political temperament or outdated presidential proclamations is an important issue worthy of our consideration on the merits.